UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

SHADEARRA WALLACE,

                              Plaintiff,

                    -against-

CITY OF NEW YORK; Police Officer GLORIA
PAGAN, Shield No. 1013; Sergeant MIGUEL A.
MARTE, Shield No. 04050; Sergeant DAVID
LORENZO, Shield No. 4476; and JOHN and
JANE DOE 1 through 10, individually and in their
official capacities (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),

                              Defendants.
-------------------------------------------------------------------- x

**COMPLAINT**

14 CV 6590

Jury Trial Demanded

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.      This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

### JURY DEMAND

6.      Plaintiff demands a trial by jury in this action.

### PARTIES

7.      Plaintiff Shadearra Wallace ("plaintiff" or "Ms. Wallace") is a resident of Kings County in the City and State of New York.

8.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.      Defendant Police Officer Gloria Pagan, Shield No. 1013, ("Pagan"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Pagan is sued in her individual and official capacities.

10.     Defendant Sergeant Miguel A. Marte, Shield No. 04050, ("Marte"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Marte is sued in his individual and official capacities.

11.     Defendant Sergeant David Lorenzo, Shield No. 4476, ("Lorenzo"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Lorenzo is sued in his individual and official capacities.

12.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

13.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

14.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

15.     At approximately 11:00 p.m. on August 14, 2013, Ms. Wallace had just entered an elevator in the lobby of her apartment building at 224 York Street, in Brooklyn, New York.

16.     Suddenly a large man unknown to Ms. Wallace put his foot in the door to stop the elevator from closing.  Unknown to plaintiff, this man, dressed in plain

clothes, was a police officer.

17.     Two additional plain clothed officers stood at the door of the elevator.

18.     Afraid, Ms. Wallace stepped out of the elevator and was immediately surrounded by the three defendant officers.

19.     Defendants forced Ms. Wallace onto the ground and assaulted her, including punching her with closed fists.

20.     A defendant officer grabbed Ms. Wallace's hair, another put his foot on her neck while the third officer, a female, was on top of plaintiff.

21.     Ms. Wallace began to scream for help.

22.     A defendant officer pulled the hood of Ms. Wallace's shirt over plaintiff's face and forced it into her mouth.

23.     Defendants caused Ms. Wallace's shirt to come up over her head and her pants to be pulled down.

24.     Without probable cause or arguable probable cause to believe she had committed any crime or offense, defendants handcuffed Ms. Wallace, took her out of the lobby, handcuffed and with her clothes coming off, and forcibly put her into a police vehicle.

25.     While in the vehicle, the female officer violently pulled Ms. Wallace's hood up over her head again.

26.     Plaintiff was eventually taken to a police precinct.

-4-

27.     At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff commit several crimes including multiple counts of assault.

28.     At no point did the officers observe Ms. Wallace commit any crime or offense.

29.     Plaintiff was taken to Brooklyn Central Booking.

30.     Ms. Wallace was arraigned in Kings County Criminal Court, where the prosecutor sought bail, however, the court released plaintiff on her own recognizance.

31.     After approximately seventeen hours in custody, plaintiff was released.

32.     Immediately following her release, Ms. Wallace went to New York Methodist Hospital for treatment of her injuries.

33.     Ms. Wallace returned to criminal court on multiple occasions, including for a multi-day trial where she and defendants testified under oath about the incident.

34.     In August 2014, Ms. Wallace was acquitted of all criminal charges levied against her.

35.     Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

36.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

37.     This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

38.     Ms. Wallace suffered damage as a result of defendants' actions.  Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
### Unlawful Stop and Search

39.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

41.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

42.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

44.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

45.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46.   By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

47.   Plaintiff was conscious of her confinement.

48.   Plaintiff did not consent to her confinement.

49.   Plaintiff's confinement was not otherwise privileged.

50.   Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

51.   As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Malicious Prosecution

52.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of her constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

54.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of her constitutional rights.   The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

55.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
### State Law Malicious Prosecution

56.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57.     By their conduct, as described herein, defendants are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

58.     Defendants maliciously commenced criminal proceeding against plaintiff, charging her with multiple crimes including assault.  Defendants falsely and

without probable cause charged plaintiff with violations of the laws of the State of New York.

59.    The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

60.    All charges were terminated in plaintiff's favor.

61.    Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff.  Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

62.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Unreasonable Force

63.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

64.    The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

65.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### State Law Assault and Battery

66.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67.    By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered her.

68.    Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

69.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## EIGHTH CLAIM
### Denial Of Constitutional Right To Fair Trial

70.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

71.    The individual defendants created false evidence against plaintiff.

72.    The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

73.    In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair

trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

74.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Negligent Hiring, Training and Retention

75.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

76.     Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

77.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

78.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

79.     Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

80.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Intentional Infliction of Emotional Distress

81.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

82.     By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive and brutal force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

83.     The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

84.     Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

85.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Negligent Infliction of Emotional Distress

86.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

87.     By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive and brutal force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

88.     The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

89.     Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior.*

90.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## TWELFTH CLAIM
### Failure To Intervene

91.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

92.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

93.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

94.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

Dated:      November 7, 2014
            New York, New York

HARVIS WRIGHT & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwf.nyc

*Attorneys for plaintiff*

-15-